UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **JAMES HENDERSON SANDERS,** | ) | Chapter 7 proceedings |
| | ) | |
| Debtor. | ) | Case No. 2-05-bk-24529-CGC |
| _____ | ) | |
| | ) | |
| **JAMES HENDERSON SANDERS,** | ) | |
| | ) | Adversary No. 2-07-ap-259-CGC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | UNDER ADVISEMENT |
| | ) | DECISION RE: MOTION |
| | ) | FOR SUMMARY JUDGMENT |
| **OREGON DEPARTMENT OF** | ) | |
| **REVENUE,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

At issue in this adversary proceeding are the allowance and/or dischargeability of certain income taxes assessed to the Debtor by the Oregon Department of Revenue for the years 1994, 1995, and 1996. Plaintiff Debtor and the Defendant Oregon Department of Revenue ("ODR") have filed cross motions for summary judgment.

The Debtor raises two issues. First, he argues that the payments he received from corporations controlled by him were loans and not salary and therefore were non-taxable. It is not disputed that the payments were made from two corporations[1] through a payroll service and that W-2's were issued to the Debtor. The Debtor argues that the amounts paid were the proceeds of loans from his girlfriend and that he used the payroll service

_____

[1] Carrier Services Staffing and Carrier Services Marine.

because there were third party employees who also needed to be paid. He further argues that the corporations were found to have been his alter egos in criminal proceedings in the Eastern District of California, thereby suggesting that, as a matter of law, amounts paid by himself to himself should not be treated as income.

The Debtor's argument is not persuasive. He chose to treat payments to him as "salary," utilizing a payroll service for that specific purpose. He states that all taxes due both to the federal and state governments were withheld. Even if the source of the funds used to make the payments was a loan, the undisputed facts are that the salary payments were made through the corporation by a payroll service. Many businesses finance their operations, including payroll, with loans and this situation is no different. The determinations in the criminal proceedings do not compel a different result; as noted by ODR, it was not a party to those proceedings and cannot be bound by findings in that court. More fundamentally, however, the fact remains that the debtor contributed the funds, either as debt or equity, to the corporations to discharge salary obligations. Therefore, the Court finds that the amounts paid, upon which ODR assessed taxes, are salary subject to income taxation.

The Debtor's second issue is that, in any event, he made tax payments through the withholding on his paycheck for which he has not received any credit. His evidence is an affidavit in which he states, without specifics, that he always directed that all applicable amounts be withheld and that such withheld amounts be remitted to ODR. The affidavit does not reference or attach W-2's, payment vouchers to ODR, payroll records from the corporations, or any other objective evidence demonstrating that the particular

withholding amounts applicable to the wages in question actually were in fact withheld and paid over to the state.

ODR has submitted an affidavit of Gloria Carter, custodian of ODR records. She lays the appropriate foundation for the admission of business records under Federal Rule of Evidence 803(6) and attaches the assessment sheets for non-filing taxpayers upon which the liability in question here was calculated. The worksheets clearly show that credit would have been given for "Oregon Tax Withheld" had such withholding taxes been received by ODR. Indeed, Federal Income Tax paid is treated as a deduction from income in calculating Oregon taxable income and other credits are given in calculating the tax due. The only issue presented is whether the apparent conflict between the Debtor's generalized statements in his affidavit and the specific records from ODR creates a genuine issue of material fact precluding summary judgment. The Court concludes it does not.

The statement in the Debtor's affidavit is simply too general to be of probative value. A generalized denial or assertion is not sufficient to create a genuine issue of material fact where the counterparty produces specific, relevant, and admissible evidence

on the same subject. Therefore, summary judgment is appropriate in favor of ODR.[2]

Counsel for the Defendant is to submit a form of judgment.

**IT IS SO ORDERED.**

DATED: January 17, 2008

_____
CHARLES G. CASE II
UNITED STATES BANKRUPTCY JUDGE

**COPY** of the foregoing mailed by the BNC and/or
sent by auto-generated mail to:

James Henderson Sanders
PO Box 4215
Scottsdale, AZ 85261

Hardy Myers
Carolyn G. Wade
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

David M. Reaves, Trustee
PO Box 44320
Phoenix, AZ 85064-4320

Office of the US Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003

---

[2] No dispute has been raised as to the amounts claimed to be due by ODR, and the Court therefore finds them to be correct.